IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REZA SADEGHIAN, an individual,<br><br>v.<br><br>UPMC, a non-profit Corporation;<br>UNIVERSITY OF PITTSBURGH OF THE<br>COMMONWEALTH SYSTEM OF HIGHER<br>EDUCATION, STEVEN HANDLER, an<br>individual, in his own right,<br><br>Defendants. | Civil Action No. 15-1061<br>Judge Nora Barry Fischer |

**MEMORANDUM ORDER**

AND NOW, this 17th day of February, 2016, addressing Defendant UPMC's Partial Motion to Dismiss Amended Complaint (Docket No. [25]), seeking to dismiss Counts III (Wage Payment and Collection Law), VI (Discrimination in Employment on the Basis of National Origin), VII (Unlawful Harassment in Employment on the Basis of National Origin), VIII (Discrimination in Employment on the Basis of Religion), IX (Unlawful Harassment in Employment on the Basis of Religion) and X (Breach of Contract), and Defendant Steven Handler's Partial Motion to Dismiss the Amended Complaint (Docket No. [27]), seeking to dismiss Counts III (Wage Payment and Collection Law) and X (Breach of Contract),

The Court having considered:

1) Defendant UPMC's arguments that Counts VI, VII, VIII and IX should be dismissed because UPMC is not an employer for purposes of Title VII, relying on an opinion regarding a payroll tax dispute, *City of Pittsburgh v. UPMC*, No. GD 13-005115 (Ct. Comm. Pl. June 25, 2014); Defendant UPMC's arguments that Counts III and X

1

should be dismissed asserting that Plaintiff has not sufficiently alleged a contract between Plaintiff and UPMC, that the terms of such contract are too speculative, that under *City of Pittsburgh v. UPMC*, it has no employees, and therefore, cannot be an employer under Pennsylvania's Wage Payment and Collection Law, and further asserting that Plaintiff has not sufficiently alleged that Defendant Handler was an agent with authority to bind UPMC under *Pollock Ind., Inc. v. General Steel Castings Corp.*, 201 A.2d 606, 610 (Pa. Super. 1964);

2) Defendant Handler's arguments that Counts III and X should be dismissed asserting that Plaintiff has not sufficiently alleged a contract between Plaintiff and Defendant Handler, that the terms of such contract are too speculative, and that Plaintiff has not sufficiently alleged that Defendant Handler was an employer by demonstrating that Defendant Handler took an active role in corporate policymaking or decision-making for the WPCL under *Hirsch v. EPL Technologies, Inc.*, 910 A.2d 84, 88 (Pa. Super. 2006);

3) The parties' briefing (Docket Nos. 26, 28, 34, 35, 40, 41, 44, 45), and oral argument on January 20, 2016 (Docket No. 48); and

4) The standards announced in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and their progeny, and the recent pronouncement regarding employer status under Title VII by the United States Court of Appeals for the Third Circuit in *Fausch v. Tuesday Morning, Inc.,* 808 F.3d 208 (3d Cir. 2015)(stating a broader definition of employer under Title VII),

The Court determines that it cannot say at this stage that, under any reasonable reading of the Amended Complaint, the Plaintiff would not be entitled to relief, and thus, the Amended Complaint plausibly states a claim under these Counts.

Accordingly, IT IS HEREBY ORDERED that the motions [25] and [27] be and hereby are denied. Defendants UPMC and Steven Handler shall file their Answers to the Amended Complaint by March 3, 2016.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record